IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GILBERTO VARELA-RIVERA**
Petitioner                                          **CIVIL NO.  14-1561 (JAF)**
                                                    (**Related to Cr. No. 12-004 (JAF)**)

      v.

**UNITED STATES OF AMERICA**
Respondent

**UNITED STATES' RESPONSE TO PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. §2255**

**TO THE HONORABLE COURT:**

**COMES NOW,** the United States of America through the undersigned attorneys and to this Honorable Court it very respectfully alleges and prays as follows:

Petitioner, Gilberto Varela-Rivera ("Varela") moves to vacate his sentence under 28 U.S.C. § 2255, challenging, among others, the applicability of the charge of conviction to the facts and evidence of the case. (D.E. 1). The government submits that his allegations lack merit, and relief should be denied.

### BACKGROUND

Varela was arrested by state authorities on December 19, 2011, after a motel manager called the Puerto Rico Police Department (P.R.P.D.) to report that one guest had overstayed in the room, and despite the efforts of the employees to communicate with the individual inside, the individual did not respond. (Cr. D.E. 1). The PRPD also tried to communicate with the individual inside the room to no avail. (*Id.*). Based on the circumstances, the motel room was intervened and Varela was found on the bed asleep next to a firearm for which he admitted not to have a

permit. (*Id.*). The police also saw what was later proven to be about 125 grams of marijuana, 17 grams of cocaine, and $95.00. (*Id.*). The investigation also revealed that the firearm observed in plain view on the bed lying next to Varela was loaded and modified to shoot automatically. The law classifies this type of weapon as a machinegun.[1]

Varela was initially indicted in the Puerto Rico state court. The charges were, however, dismissed after the court concluded that the motel manager and the police had violated defendant's privacy rights when they entered the motel room. (D.E. 70). Federal authorities then arrested Defendant on December 23, 2011, and indicted him on four counts. Count One charged the possession of an firearm by a prohibited person (convicted felon) in violation of 18 U.S.C. §922(g)(1) and 924(a)(2). (D.E. 8). Count Two charged possession of an automatic firearm in connection with a drug offense in violation of 18 U.S.C. § 924(c). (*Id.*). Counts Three and Four charged possession with intent to distribute crack and marihuana, respectively, in violation of 21 U.S.C. 841. (*Id.*).

On March 2, 2012, Varela's counsel moved to suppress the gun, the drugs, and various incriminating statements he made by Varela during his arrest and booking. (D.E. 24). The district court scheduled a hearing on defendant's motion for March 6, 2012. (D.E. 26). Prior to the commencement of the hearing, the public defender informed the court that he had just received in discovery from the government evidence that Varela may have told one of the booking officers that the police were lucky he was asleep when they entered the motel room because, if he had been awake, he would have shot them. In light of this new evidence, the public defender asked for a five-working-day continuance to see if the defendant still wished to proceed given

---

1. See *United States v. Nieves-Castano*, 480 F.3d 597, 599-600 (1st Cir. 2007) ("A machine gun is defined as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.") (citing 26 U.S.C. § 5845(b) and 18 U.S.C. § 921(a)(23)).

this statement. (D.E. 39). The court postponed Varela's trial until March 9 so that he and the public defender could "explore a disposition of this case that may dispense [with the] statutory minimum of 30 years, because of the firearm." (*Id.*, pp. 16-17).

On March 9, 2012, Varela entered a plea agreement with the government whereby he pled guilty to Count Two, without the automatic firearm provision and the Government agreed to recommend a non-guideline sentence of 15–year. (D.E. 36). The court held a change-of-plea hearing that same day and advised Varela of the purpose of the hearing, and the consequences of pleading guilty. (D.E. 40). On May 4, 2012, Varela moved, *pro-se*, to withdraw his guilty plea and obtain substitute counsel. (D.E. 41, 42). There, he argued that his counsel had misled and coerced him into pleading guilty. (*Id.*). Legal counsel withdrew as defense counsel, citing the obvious conflict of interest, but offered to respond to the allegations related to the voluntariness of Varela's plea if needed. (D.E 45, 47). Substitute counsel was then appointed. A formal motion to withdraw the plea of guilty was filed, stating that the defendant only gave up on a suppression hearing and chose to plead guilty based on misstatements by the public defender, his legal counsel at the time. (D.E. 51, 59).

A hearing on those motions was scheduled for August 1, 2012. At the hearing, the court considered defendant's motion to withdraw his plea. Varela was sworn, and proceeded to renege on nearly all of the answers he gave at his change-of-plea hearing. (D.E. 66). Varela's testimony was the only evidence advanced in furtherance of his motion to withdraw his plea. The court did not believe defendant. It noted the public defender "was an extremely competent lawyer with a lot of experience gained in dealing with these kinds of cases," who "never, ever in his many appearances before the Court did anything other than defend zealously his clients." (*Id.*, p. 6). The court also found that defendant had "no credibility whatsoever." (*Id.*, p. 37).

The court denied Defendant's motion to withdraw his plea and then proceeded to sentencing. Varela was sentenced to 20 years of imprisonment —five years above the Government-recommended sentence which "include[d] a component for lying before the Court.". (D.E. 66, p. 41). The court based the sentence on a number of factors, including Varela's prior convictions for robbery, murder, and attempted escape from prison. Judgment was entered on August 6, 2012. (D.E. 62). On that same date the defendant filed a notice of appeal. (D.E. 63). On appeal, Varela argued that (1) the district court abused its discretion when it refused to grant his motion to withdraw the plea of guilty, and (2) his sentence is procedurally and substantively unreasonable. *United States v. Varela-Rivera*, 551 F. App'x 583, 585-87 (1st Cir. 2014) *unpublished.* On January 16, 2014, the Court of Appeals affirmed District Court's sentence and conviction. (D.E. 70, 71).

On July 16, 2014, Varela, assisted by counsel, filed a motion pursuant to 28 U.S.C. §2255, to have his sentence vacated. (D.E. 73). In sum, he claims that: (1) the Indictment did not charged him with the use of a "machine gun" or an "assault weapon" (*Id.*, pp. 6, 18-19); (2) the weapon charged on the Indictment was neither a "machine gun" nor an "assault weapon" under the applicable law definitions, that would justify the application of 18 U.S.C. §924(c)(1)(A) at sentencing (*Id.*, pp. 6, 22); and (3) defendant received ineffective assistance of counsel because they never challenged the applicability of §924(c)(1)(A) to the facts of the case (*Id.*, pp. 2-3, 6).

The government will refrain from discussing the merits of the machinegun claim because the defendant pled guilty to a charge of possession of a non-automatic weapon. See D.E. 35. Thus, any claim regarding the possession of a machinegun is a non-issue, and procedurally defaulted. See *Bousley v. United States*, 523 U.S. 614, 621 (1998) (a claim raised for the first time in collateral review is procedurally defaulted). As to the Ineffective Assistance claim the government respectfully submits that it lacks merit and it should be denied.

## DISCUSSION

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. *United States v. Broce*, 488 U.S. 563 (1989). "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)); see also *United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.").

In this case, the record reflects that the petitioner voluntarily entered a plea of guilty. In fact, a hearing was conducted in regards and the court concluded that Varela's allegations of involuntariness were incredible. (D.E. 66, p. 37). The court of appeals also upheld the validity of the plea. See *Varela-Rivera*, 551 F. App'x at 588 ("we conclude Defendant's original plea was voluntary, intelligent, knowing, and in compliance with Rule 11"). Varela cannot relitigate the validity of the guilty plea by means of a §2255 motion, where the issue was already settled on direct appeal. See *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (holding that the habeas court will not re-adjudicate a claim that was raised and rejected on direct review absent countervailing equitable considerations). Therefore, Varela's challenges to his conviction are foreclosed to collateral attack by means of his plea. But even if the court were to address the claim of ineffective assistance of counsel, it is without merit.

A.  **Ineffective Assistance of Counsel**

To succeed on a Sixth Amendment claim of ineffective assistance of counsel, petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) "but for counsel's errors, the result of the proceeding would have been different" *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Regarding the performance prong, the Supreme Court has emphasized that judicial scrutiny of counsel's performance must be highly deferential. (*Id.*) As to the prejudice prong, a defendant who claims ineffective assistance in the context of a guilty plea has to show that he would not have pled guilty but for counsel's 'incompetence'. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Varela avers that his trial and appellate counsels were ineffective for failing to challenge the application of §924(c)(1)(A) to the facts of the case. He argues that "no evidence in discovery or in the indictment charges defendant with the use of a "machine gun" or an "assault weapon" (pp. 18-19). However his allegation is contradicted by the record. Count Two of the indictment charged:

### COUNT TWO

### Possession of a Firearm During and in Relation to a Drug Trafficking Crime

### (Title 18, United States Code, Section 924 (c))

On or about December 19th, 2011, in the District of Puerto Rico and within the jurisdiction of this Court,

### GILBERTO VARELA-RIVERA,

the defendant herein, did knowingly possess a firearm, that is, a Glock pistol, black color, Model 22, serial number GAX007, 0.40 caliber, **modified with a chip that allows it to shoot automatically more than one shot, without manual reloading, by a single function of the trigger**, loaded with ten (10) rounds of 0.40 caliber ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Counts Three to Four; all in violation of Title 18, United States Code, Section 924( c )(I )(A).

(See D.E. 8, p. 2) (Emphasis provided)

The First Circuit has held that a weapon modified to fire automatically is an automatic weapon; and an automatic weapon meets the definition of a machine gun. See *United States v. Nieves-Castano*, 480 F.3d 597, 600 (1st Cir. 2007). There is no merit to Varela's allegation and consequently, no merit to his claim of ineffective assistance of counsel prior of entering a plea of guilty. See *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990) (holding that a trial counsel has no obligation to raise meritless claims; and failure to do so does not constitute ineffective assistance of counsel).

Also, if Varela had been convicted of Count Two alone, he would have faced a mandatory minimum sentence of 30 years under 18 U.S.C. §924(c)(1)(B)(ii). ("If the firearm possessed by a person convicted of a violation of this subsection -- (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.) Under this predicament, it is unlikely that he would not have pled guilty to a sentence 15-year below the mandatory minimum. Thus, he does not meet the prejudice requirement set by *Hill*.

Moreover, Varela's claim that the Indictment did not charge the machinegun statute is meritless. The Supreme Court has held that in order to "determine whether an indictment charges an offense, the pleader's designation of a statute purporting to support the charge is immaterial, since the charge, though not sustained by that statute, may come within the terms of another, just as other statutes not referred to by the pleader may draw the sting of criminality from the allegations." *United States v. Hutcheson*, 312 U.S. 219 (1941). See also *Paz Morales v. United States*, 278 F.2d 598, 599 (1st Cir. 1960) (holding that if the Indictment properly charges an offence under the laws of the United States, that is sufficient to sustain it, "although the representative of the United States may have supposed that the offence charged was covered by a different statute"; and *Williams v. United States*, 168 U.S. 382, 385 (1897) (holding that the

7

indorsement on an indictment of the statute under which it is drawn is no part of the indictment, which is sufficient if it charges an offense under any statute).

**WHEREFORE,** in view of the foregoing, the government respectfully submits that the instant motion pursuant to 18 U.S.C. §2255 should be denied.

 **RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this September 29, 2014.

                          **ROSA EMILIA RODRÍGUEZ-VÉLEZ**
                          United States Attorney

                          /s/ *Nelson Pérez-Sosa*
                          Nelson Pérez-Sosa - 202201
                          Assistant United States Attorney
                          Chief Appellate Division
                          United States Attorney's Office
                          Torre Chardón, Suite 1201
                          350 Carlos Chardón Ave.
                          San Juan, Puerto Rico 00918
                          Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the system will notify the following CM/ECF participant: Marlene Aponte-Cabrera, Esq.

In San Juan, Puerto Rico, this September 29, 2014.

                           /s/ *Nelson Pérez-Sosa*
                          Assistant United States Attorney
                          Chief, Appellate Division