UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GILBERTO VARELA-RIVERA,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 14-1561 (JAF)

(Crim. No. 12-004-01)

**OPINION AND ORDER**

Petitioner Gilberto Varela-Rivera ("Varela-Rivera") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 12-004-01. (Docket No. 1.) For the following reasons, we deny his petition.

**I.**

**Background**

On March 9, 2012, Varela-Rivera pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Nearly two months later, Varela-Rivera moved to withdraw his plea, arguing that his public defender had coerced him into pleading guilty. We denied the motion to withdraw his plea and sentenced Varela-Rivera to twenty years' imprisonment, which "include[d] a component for lying before the Court." *United States v. Gilberto Varela-Rivera*, 551 Fed. Appx. 583, 585 (1st Cir. 2014).

Varela-Rivera appealed, arguing that (1) we abused our discretion when we refused to grant his motion to withdraw his plea, and (2) his sentence was procedurally

and substantively unreasonable. The First Circuit affirmed our decision on January 15, 2014. *Varela-Rivera*, 551 Fed. Appx. at 585. On July 16, 2014, Varela-Rivera filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 1.) On September 29, 2014, the United States filed a response in opposition. (Docket No. 5.) On October 27, 2014, Varela-Rivera filed a reply. (Docket No. 6.)

## II.

## Jurisdiction

Varela-Rivera is currently in federal custody, having been sentenced by this district court. To file a timely motion, Varela-Rivera had one year from the date his judgment became final. 28 U.S.C. § 2255(f). Because he filed the instant motion only six months after the Court of Appeals affirmed his sentence, he is well within the one-year time limit for a § 2255 petition.

## III.

## Analysis

Varela-Rivera's claims can be grouped into several larger claims: Charging errors; an error in applying a sentencing enhancement for an "assault weapon" or "machine gun;" ineffective assistance of counsel, and other sentencing errors. For the following reasons, these claims all fail.

**A.     Charging**

Varela-Rivera argues that when he was charged under 18 U.S.C. § 924(c)(1)(A), he "was not charged with an offense, but a penalty provision." (Docket No. 1 at 6, 17.) This is simply untrue. 18 U.S.C. § 924(c)(1)(A) punishes the crime of being a "person who, during an in relation to any crime of violence or drug trafficking crime […] uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18

U.S.C. § 924(c)(1)(A). On appeal, the First Circuit already affirmed our conviction and sentence under this law. *Varela-Rivera*, 551 Fed. Appx. at 585-90.

**B.     Assault Weapon/Machine Gun**

Varela-Rivera makes numerous arguments centered upon the assertion that he did not possess an assault weapon or a machine gun. (Docket No. 1 at 6, 9; Docket No. 6 at 2.) The First Circuit already stated that "the undisputed offense conduct in Defendant's presentence report shows police found him sleeping with an automatic firearm and a large quantity of drugs." *Varela-Rivera*, 551 Fed. Appx. at 591. Varela-Rivera himself admits that he "possessed a pistol modified by a chip." (Docket No. 1 at 18.)

However, this argument is moot because 18 U.S.C. §924(c)(1)(A) makes no mention of assault weapons or machine guns. 18 U.S.C. §924(c)(1)(A). Varela-Rivera pleaded guilty to the crime of "possession of a firearm during and in relation to a drug trafficking crime." (Crim. No. 12-004-01, Docket No. 62.) His plea agreement states that he "did knowingly possess a firearm, that is, a Glock pistol, black color, Model 22, serial number GAX007, 0.40 caliber [striken portion] loaded with ten (10) rounds of 0.40 caliber ammunition, in furtherance of a drug trafficking crime." (Crim. No. 12-004-01, Docket No. 36 at 2; Crim. No. 12-004-01, Docket No. 40.)   Therefore, this irrelevant argument fails.

**C.     Ineffective Assistance of Counsel**

Varela-Rivera makes several ineffective-assistance-of-counsel claims. To prove a claim of ineffective assistance of counsel, Varela-Rivera must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Wash.*, 466 U.S. 688, 688-94

(1984). This standard applies in the context of plea agreements as well. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Varela-Rivera argues that "Counsels representing Defendant at different stages prior to the filing of this motion have never addressed or challenged the applicability of 18 U.S.C. § 924(c)(1)(A) to the facts of this case. The use of a chip to render a pistol semiautomatic does not make the weapon "fully automatic," an "assault weapon" or a "machine gun." (Docket No. 1 at 6.) As stated above, the crime to which Varela-Rivera pleaded never required that the gun be fully automatic or an assault weapon or a machine gun. Therefore, there is zero probability that, but for this "error," the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 688-94; *Lockhart*, 474 U.S. at 58.

Varela-Rivera also argues that "[O]nce the Public Defender was assigned to Defendant, his counsel was substituted by another assistant public defender that Defendant had never seen before; who spoke only English and Defendant speaks only Spanish." (Docket No. 1 at 6.) However, he told that court that he was satisfied with his counsel, including his second attorney. As stated in the transcript:

> Q. And then you were asked if you were satisfied with Attorney Mauri Gray, and you said yes, under oath?
> 
> A. And under the intimidation that Attorney Jorge Godoy had already made.
> 
> Q. My question is if you said yes under oath in front of this Judge when he asked you that you were satisfied. You said yes, right?
> 
> A. Yes.
> Q. And you remember that the Judge asked you if there was anything bothering you, and you said no? Correct?

A. Yes.

(Crim. No. 12-004-01, Docket No. 66 at 16.)  We give weight to a defendant's assertions under oath.

Finally, Varela-Rivera argues that "[T]he investigation of the case was deficient and there was failure in uncovering, securing, and preserving evidence." (Docket No. 1 at 6.)  It is well-established that "issues that are adverted to in a perfunctory manner absent developed argumentation are waived." *United States v. Brown*, 669 F.3d 10, 16 n.5 (1st Cir. 2012).  "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal citations omitted).

These claims fail.

**D.**     **Other Sentencing Claims**

Varela-Rivera argues that his sentence of twenty years is excessive.  (Docket No. 1 at 17.)  The First Circuit has already ruled on this issue. *Varela-Rivera*, 551 Fed. Appx. 583.  The First Circuit has held that when an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (citing *Dirring v. United States*, 30 F.2d 862, 863 (1st Cir. 1967)).  The Supreme Court has also held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations." *Withrow v. Williams*, 507 U.S. 680, 721 (1993).

Varela-Rivera also states that his "criminal history did not justify an aggravated sentence that would render him a career criminal, because most of his criminal history was remote and could not be considered for Guideline purposes." (Docket No. 1 at 27.)

He does not develop this argument any further.  As we stated at sentencing, "[T]his man has violated parole.  He has tried to escape from prison.  He has murdered people.  You name it.  Everything.  Everything in the book he has done.  Theft, burglaries, robberies, disguises.  You name it.  Everything."  (Crim. No. 12-004-01, Docket No. 66 at 41.)  His argument that his criminal record was remote and should not be considered is disingenuous at best.

These claims fail.

### IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").  In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit.  This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds.  We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations.  *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under § 2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of October, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE